UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JILLIAN AUGUST, on behalf of herself
and all other persons similarly situated,

                        Plaintiff,                             **COMPLAINT**

   -against-

LIDL US, LLC and LIDL US OPERATIONS, LLC,

                                                  *Class Action*
                       Defendant.                       *Jury Trial Demanded*
------------------------------------------------------------------------X

       Plaintiff, Jillian August ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and her their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, Lidl US, LLC and Lidl US Operations, LLC (collectively, "Lidl"), alleges as follows:

## NATURE OF THE ACTION

       1.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who worked for Lidl in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 and § 195(1) ("New York Labor Law").

       2.      Plaintiffs seek injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

       3.      Lidl is an international discount retail grocery chain that operates over 11,000 stores across Europe and the United States, including more than 20 stores in the State of New York.

       4.      Lidl employs hourly-paid store associates who are involved in every aspect of store operations, from working the register and stocking shelves to operating the pallet jack.

1

5. At all relevant times, Lidl compensated Plaintiff and all other hourly-paid employees who work or have worked as a store associate in the State of New York on a bi-weekly basis in violation of New York Labor Law, Article 6, §§ 191.

6. Lidl failed to properly pay Plaintiff and other hourly-paid store associates their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Lidl failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7. Plaintiff bring this action on behalf of herself, and all other persons similarly situated who work or have worked for Lidl as a store associate in the State of New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

8. Store managers, and others with executive positions, who are paid fixed salaries, are not members of the classes that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

10. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District. Lidl operates approximately 20 stores within this District, including stores located in Center Moriches, Shirley, East Patchogue, Selden, Lake Grove, Islip, Oakdale, West Babylon,

Farmingdale, Massapequa, Plainview, East Northport, Huntington Station, Syosset, Merrick, Franklin Square, East Meadow, East Rockaway, Astoria, and Staten Island.

## PARTIES

11. Plaintiff is a resident of the State of New York.

12. Defendant, Lidl US, LLC, a Delaware corporation with headquarters located in Arlington, Virginia, is a wholly owned subsidiary of Lidl Stiftung & Co., a German limited partnership organized under German law with its principal place of business in Germany.

13. Defendant, Lidl US, LLC, is the sole equity member of Lidl US Operations, LLC.

14. Lidl is not a resident, domicile or citizen of the State of New York for federal diversity purposes.

15. Plaintiff was an "employee" within the meaning of New York Labor Law § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

16. Lidl is/was an "employer" within the meaning of New York Labor Law § 190(3).

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

17. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid store associates in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

18. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 100 Class Members who have worked for Defendant as hourly-paid store associates in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

19. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who are currently, or have been, employed by Defendant in hourly paid positions at any time during the six (6) years prior to the filing of the initial Complaint.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

21. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

22. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and

Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

25. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

26. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

27. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

28. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## PLAINTIFF'S FACTUAL ALLEGATIONS

*New York Labor Law Violations*

29. Plaintiff commenced employment with Defendant as an hourly-paid store associate at Defendant's store located in Islip, New York in April 2021.

30. Plaintiff job duties included but were not limited to receiving deliveries, stocking shelves, assisting customers with checkout, rounding up carts, slicing deli products, inserting trays in the bakery oven, mopping and cleaning the checkout area, cleaning bakeware, removing trash, and compacting corrugated boxes, all of which required substantial periods of standing, walking, lifting, carrying, and bending to complete these duties.

31. Plaintiff and other Class Members spent more than twenty-five percent of their hours worked each week performing manual tasks.

32. Lidl failed to pay Plaintiff and similarly situated persons who work or have worked as hourly-paid store associates in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191. Instead, Lidl paid Plaintiff and similarly situated persons who have

worked as hourly-paid store associates on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

33. Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

34. Each time Plaintiffs received late compensation for the work that they performed, Defendant underpaid them for the work they performed.

35. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

36. Each time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks, Defendant deprived them of the use of money that belonged to them. As a result, Plaintiff and Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy.

37. Each time that Defendant failed to pay Plaintiff her wages earned within seven days of the end of the workweek, Defendant deprived her of the use of money that belonged to her. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

38. By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or

heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

39. Additionally, Defendant's delayed payment of wages forced Plaintiff and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever-increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

40. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay installment payments and service debt, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

41. Lidl failed to provide Plaintiff with notice of her wage rate and the basis of pay upon her hire as required by New York Labor Law § 195(1).

***State Human Rights Law Violations***

42. Plaintiff was an "employee" within the meaning of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

43. Defendant Lidl is/was an "employer" within the meaning of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

44. At all times during her employment with Defendant, Plaintiff performed her work duties in an exemplary manner.

45. As a result of Plaintiff's good performance, she was promoted to supervisor and received a wage increase.

46. After Plaintiff had successfully performed the duties of the supervisor position for many months, Defendant informed her that she was being demoted and that her rate of pay would be substantially diminished. Defendant informed Plaintiff that the reason for the demotion was Plaintiff's age.

47. Defendant demoted Plaintiff and reduced her compensation because of Plaintiff's age in violation of the New York State Human Rights Law.

48. As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and will continue to suffer the loss of the opportunity to work, the loss of wages and the loss of benefits that she would be receiving but for Defendant's discriminatory conduct, emotional harm, mental anguish, embarrassment and humiliation.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

49. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

51. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

52. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

53. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

54. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendant failed to provide Plaintiff and Class Members a notice at the time of hire that states their regular hourly wage rate, overtime rate of pay, basis of pay, and other information required by NYLL § 195(1).

56. Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to NYLL § 198.

## THIRD CLAIM FOR RELIEF
## STATE HUMAN RIGHTS LAW

57. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

58. By the acts and practices described above, Lidl discriminated against Plaintiff in the terms and conditions of her employment on the basis of age in violation of the N.Y. Exec. Law § 290 et seq. (the "State Human Rights Law").

59. As a result of Defendant's discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## JURY TRIAL DEMANDED

60. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL § 198;

(v.) Compensatory damages under the NYSHRL;

(vi.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
August 30, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*

Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*